**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN HOLLIFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-3449-CV-S-RED |
| ) | |
| FORD MOTOR COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is TRW Vehicle Safety Systems Inc.'s Motion for Judgment on the Pleadings (#191). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

On November 22, 2003, Brenda Hollifield was driving a 1998 Ford Expedition in Colorado. Kathy Hollifield, Brenda's mother, was a passenger in the vehicle. Both were allegedly wearing seatbelts. Plaintiffs claim that Brenda suddenly lost control of the vehicle and it rolled over. Plaintiffs further allege that the driver's side door unexpectedly opened and Brenda and Kathy were ejected from the vehicle. Brenda and Kathy immediately died from injuries sustained in the accident.

Plaintiffs, Brenda and Kathy Hollifield's representatives, filed suit against Ford Motor Company on August 23, 2005. After receiving leave from this Court, plaintiffs served an amended complaint on TRW on July 26, 2006, more than two years after the accident. TRW filed a Motion for Judgment on the Pleadings on November 14, 2006, arguing that plaintiffs claims against TRW are barred by the applicable statute of limitation.

**DISCUSSION**

Section 537.100 of the Missouri Revised Statutes creates a three-year limitation period for wrongful death actions. However, section 516.190, Missouri's "borrowing statute," establishes that when an action originates in another state and that state's statute of limitation bars the action, the action is also barred in Missouri. *See Harper v. Gibson*, 601 F. Supp. 156, 159-160 (W.D. Mo. 1985). A wrongful death claim originates in the state wherein the wrongful act and subsequent death occurred. *See Nettles v. American Telephone and Telegraph Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995); *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. 1992). It is undisputed that the accident and deaths in this case occurred in Colorado. Section 13-80-102(1)(d) of the Colorado Revised Statutes establishes a two-year limitation period for wrongful death actions. Because plaintiffs failed to sue TRW within two years after decedents' deaths, plaintiffs' claims against TRW are barred by Colorado's statute of limitation as applied by Missouri's borrowing statute.

Plaintiffs argue that their claims are not barred because they sued TRW within two years after discovering TRW's liability. Colorado's limitation period for wrongful death claims, however, begins to run on the date of decedent's death regardless of plaintiffs' alleged delay in discovery. COLO. REV. STAT. § 13-80-108(2); *see also Rauschenberger v. Radetsky*, 745 P.2d 640, 642-43 (Colo. 1987) (implying that the discovery rule does not apply after 1986 revision to Colorado's wrongful death statute). Plaintiffs also argue that a longer limitation period should apply to their fraud and warranty theories. However, Colorado's two-year limitation period applies to all wrongful death claims "regardless of the theory upon which suit is brought." COLO. REV. STAT. § 13-80-102(1); *see also Weedin v. US*, 509 F. Supp. 1052, 1054-55 (D. Colo. 1981). Because all of plaintiffs' claims seek recovery available only under the wrongful death statute, all of plaintiffs'

claims are wrongful death claims, and they are barred by Colorado's statute of limitation.

## CONCLUSION

The Court **GRANTS** TRW's Motion for Judgment on the Pleadings (#191). All plaintiffs' claims against TRW are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATE:        January 8, 2007             /s/ Richard E. Dorr
                                         RICHARD E. DORR, JUDGE
                                         UNITED STATES DISTRICT COURT